IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,676-01






EX PARTE DELBERT F. STRATTON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1981-445-C IN THE 54TH DISTRICT COURT


FROM McLENNAN COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
murder and punishment was assessed at confinement for thirty years. There was no
appeal from this conviction.

 Applicant contends, inter alia, that his parole was revoked for violating an invalid
condition of parole and that he has not received credit for time he was confined pursuant
to parole violator warrants in this cause. The trial court has entered findings of fact
addressing Applicant's other grounds, but has not addressed the facts Applicant alleges in
support of these grounds.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the Criminal Institutions and Parole Divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court shall first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court shall make additional
findings of fact as to: what conditions Applicant was found to have violated to support
the revocation of his parole; what criminal history supported imposition of those
conditions; whether any hearings were conducted before those conditions were imposed;
what credit Applicant has been given for time he was confined on parole violator
warrants; what dates, if any, that Applicant was confined pursuant to parole violator
warrants in this cause; and whether Applicant has presented this claim to the Texas
Department of Criminal Justice office of time credit resolution. The trial court shall also
make any further findings of fact and conclusions of law which it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: September 13, 2006

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.